**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **CHRISTINE LEWIS**, : <br> 3376 Creek Road : <br> Saint Paris, Ohio 43072 : <br> : | **Case No.  3:22-cv-141** |
| **PHILLIP LEWIS**, : <br> 3376 Creek Road : <br> Saint Paris, Ohio 43072 : <br> : | **Judge**: |
| and : <br> : | **Jury Demand Endorsed Hereon** |
| **CAMDEN LEWIS**, : <br> 3376 Creek Road : <br> Saint Paris, Ohio 43072 : <br> : | |
| **Plaintiffs, for themselves,** : <br> **and all others similarly situated,** : <br> : | |
| v. : <br> : | |
| **OLD SOUL'S FARMS, LLC** : <br> Serve Statutory Agent: : <br> HL Statutory Agent, Inc. : <br> 200 Public Square : <br> Suite 2800 : <br> Cleveland, Ohio 44114 : <br> : | |
| **Defendant.** : | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Christine Lewis ("Plaintiff C. Lewis"), Phillip Lewis ("Plaintiff P. Lewis"), and Camden Lewis ("Plaintiff Camden Lewis") (collectively, "Named Plaintiffs") individually and on behalf of others similarly situated, bring this action against Defendant Old Soul's Farms, LLC ("Defendant") for its failure to pay employees wages seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., Ohio Minimum Fair Wage Standards Act,

O.R.C. § 4111.03, and the Ohio Prompt Pay Act ("OPPA"), O.R.C.§ 4113.15. The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03 and the OPPA are brought as a class action pursuant to Rule 23. In addition, Plaintiff Christine Lewis brings an individual claim against Defendant for workers' compensation retaliation pursuant to O.R.C. § 4123.90.

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 (the "Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts"), and O.R.C. 4123.90 ("Workers' Compensation Retaliation Act").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367 because their claims form a part of the same case or controversy.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiffs reside in the Southern District of Ohio and Defendant is doing and has done substantial business in the Southern District of Ohio.

5. This Court has jurisdiction pursuant to Ohio Revised Code § 4123.90 because Plaintiff notified Defendant on or about February 23, 2021 of her intent to bring a workers' compensation retaliation claim against Defendant.

## THE PARTIES

6. Named Plaintiffs are individuals, United States citizens, and residents of the state of Ohio.

7. At all times relevant herein, Named Plaintiffs were "employees" of Defendant as that term is defined in the FLSA and O.R.C. Chapter 4111 and O.R.C. Chapter 4123.

8. Defendant is an Ohio corporation doing business in the Southern District of Ohio.

9. Defendant primarily processes and packages perishable foods.

10. Defendant produces chocolate-dipped frozen berries, which were not grown on Defendant's farm and which are sold under the TruFru brand.

11. Defendant packages and distributes sauerkraut, which is sold under the Cleveland Kitchen brand.

12. Defendant does not produce sauerkraut from produce grown on Defendant's farm.

13. Defendant packages and distributes other food items that are not originally grown on Defendant's farm.

14. At all times relevant herein, Defendant is a covered "employer" as that term is defined in the FLSA and O.R.C. Chapters 4111 and 4123.

15. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

16. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent forms are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

**FACTUAL BACKGROUND**

I. **Allegations regarding Plaintiff Christine Lewis' Workers' Compensation Retaliation Claim**

17. Plaintiff C. Lewis began her employment for Defendant on or about June 7, 2021 and was terminated on or about December 13, 2021.

18. At the time of Plaintiff C. Lewis' termination, she worked as a quality control technician. Plaintiff's responsibilities within that position included, among other things, recording events for processing and the enrobing lines, monitoring the processing and enrobing lines, recording temperatures, product quality, label accuracy, product of origin, condition of the product, foreign matter, and product weights.

19. Plaintiff C. Lewis complained to management about safety and quality concerns during her employment.

20. On or around October 26, 2021, Plaintiff Lewis requested to management that more "wet floor" signs be used throughout the facility.

21. On or about November 23, 2021, Plaintiff Lewis slipped on a floor mat floating in a puddle of water in the course and scope of her employment at Defendant's facility.

22. Plaintiff filed for workers' compensation benefits as a result of her workplace injury.

23. After suffering her workplace injury and filing for workers' compensation benefits, Defendant retaliated against Plaintiff C. Lewis by, among other things, terminating her employment on December 13, 2021.

24. Defendant's human resources manager, Dru Stewart, informed Plaintiff Lewis that Defendant was terminating her employment because "it just isn't working out."

4

**II.     Allegations regarding Defendant's practice of deducting breaks from wages**

25. Plaintiff C. Lewis was paid on an hourly basis during her employment with Defendant. Her hourly rate of pay was $12 per hour, which was increased to $13.50 per hour, and then finally increased to $14.50 per hour.

26. Plaintiff C. Lewis was generally scheduled to work, and did work, from 6:00 a.m. until 3:00 p.m. until approximately September 1, 2021, at which time she began working from approximately 5:30 a.m. until 3:30 p.m. each workday.

27. Plaintiff C. Lewis was generally scheduled to work, and did work, Monday through Friday, and occasionally on Saturday.

28. Plaintiff P. Lewis was employed by Defendant from July 19, 2021 until February 18, 2022 as a Safety and Maintenance Coordinator.

29. Plaintiff P. Lewis was paid on an hourly basis during his employment with Defendant. His hourly rate of pay was $16.50 per hour.

30. Plaintiff P. Lewis was generally scheduled to, and did, begin work between 5:30 a.m. and 6:00 a.m. and end work between 2:30 p.m. and 4:00 p.m.

31. Plaintiff P. Lewis was generally scheduled to work, and did work, Monday through Friday.

32. Plaintiff Camden Lewis was employed by Defendant from approximately June 21, 2021 until approximately April 7, 2022 as a Line Worker.

33. Plaintiff Camden Lewis was paid on an hourly basis during his employment with Defendant. His hourly rate of pay began at $12 per hour and, at the time of his separation from the Defendant, his hourly rate of pay was $14.50 per hour.

34. Plaintiff Camden Lewis was generally scheduled to work, and did work, from 5:30 a.m. until 4:00 p.m. each workday.

35. Plaintiff Camden Lewis was scheduled to work, and did work, Monday through Friday, and occasionally on Saturday.

36. On one or more occasions, Named Plaintiffs and other similarly situated employees each worked more than 40 hours per workweek.

37. Defendant did not permit the Named Plaintiffs or other hourly employees to take an uninterrupted 30-minute meal break.

38. Defendant informed the Named Plaintiffs and other hourly employees that they were permitted no more than two 20-minute breaks during their workday.

39. Defendant's managers held a meeting to reiterate that breaks could not last more than 20 minutes and that the breaks would be deducted from employees' pay.

40. Defendant required employees to take their 20-minute breaks in groups during their scheduled break time for the production room in which they worked.

41. For example, all employees who worked in Production Room 1 were required to take their first break from 9:00 a.m. until 9:20 a.m. All employees who worked in Production Room 3 were required to take their first break from 10:00 a.m. until 10:20 a.m.

42. Defendant deducted one to two 20-minute breaks from the daily hours worked by Named Plaintiffs and other hourly employees.

43. At all times relevant herein, Named Plaintiffs and other similarly situated employees were hourly, non-exempt employees of Defendant as defined in the FLSA and the Ohio Acts.

44. During relevant times, Defendant suffered and permitted the Named Plaintiffs and similarly situated employees, including hourly, non-exempt employees working in the production facility of Defendant, to work more than forty (40) hours in workweeks while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-

6

half times their regular rates of pay because they failed to pay for all hours worked due to Defendant's 20-minute break deduction policy.

<b>COLLECTIVE AND CLASS ACTION ALLEGATIONS</b>

    **I. Overtime Collective Action**

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. The Named Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes: All current and former employees of Defendant who were paid on an hourly basis and who were not paid for breaks of twenty minutes or less during any workweek that they worked at least 40 hours (including the time deducted for breaks of twenty minutes or less), during the three (3) years preceding the filing of this Complaint and continuing through the final disposition ("FLSA Overtime Collective" or "FLSA Overtime Collective Members").

47. Named Plaintiffs and putative FLSA Overtime Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

48. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Named Plaintiffs are representatives of all SSPs and are acting on behalf of their interests as well as their own in bringing this action.

49. The SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

50. Defendant knew or should have known it was required to pay Named Plaintiffs and the SSPs overtime pay and that it could not lawfully deduct breaks of twenty minutes or less from the wages of an employee paid on an hourly basis.

51. Accordingly, Named Plaintiffs and the SSPs were forced to work more than 40 hours per week without overtime compensation. As a result, Named Plaintiffs and the SSPs have been damaged.

## II. Rule 23 Class Allegations

52. The Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class: All current and former employees of Defendant who were paid on an hourly basis and who were not paid for breaks of twenty minutes or less during any workweek that they worked at least 40 hours (including the time deducted for breaks of twenty minutes or less), during the two (2) years preceding the filing of this Complaint and continuing through the final disposition ("Ohio Rule 23 Overtime Class" or "Ohio Rule 23 Overtime Class Members").

53. The Ohio Rule 23 Class includes all current or former non-exempt employees employed by Defendant throughout the State of Ohio as defined above.

54. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

55. The Named Plaintiffs are members of the Ohio Rule 23 Class and their claims for unpaid overtime are typical of other members of the Ohio Rule 23 Class.

56. The Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

57. The Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that have undertaken to represent.

58. The Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Ohio Rule 23 Class as a whole.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and fact common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class certain overtime wages for hours worked in excess of forty hours per week; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio

Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

63. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court.  The Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim.  Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights.  Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### Retaliation in Violation of O.R.C. 4123.90 Against Plaintiff C. Lewis

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. Plaintiff C. Lewis filed for workers' compensation benefits in late November 2021 after sustaining a work-place injury.  Weeks later, Defendant terminated Plaintiff C. Lewis' employment for no reason other than "it just isn't working out."  Plaintiff C. Lewis performed well throughout her employment.

66. Defendant treated Plaintiff C. Lewis differently than similarly-situated employees who did not suffer a workplace injury and who did not file a workers' compensation claim.

67. Defendant's retaliatory animus is also demonstrated by the fact that there is no basis in fact to support Defendant's reason for terminating Plaintiff C. Lewis' employment.

68. Plaintiff C. Lewis was qualified for her position, as she worked in that position for several months without incident or performance problems.

69. Defendant did not have a legitimate business reason for terminating Plaintiff C. Lewis.

70. Accordingly, Plaintiff C. Lewis was wrongfully discharged in violation of O.R.C. 4123.90. As a result, Plaintiff C. Lewis has been damaged.

## SECOND CAUSE OF ACTION:
### FLSA – Collective Action for Unpaid Overtime

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the FLSA Overtime Collective.

73. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

74. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiffs and the FLSA Overtime Collective Members.

75. The Named Plaintiffs and the FLSA Overtime Collective Members worked in excess of 40 hours in workweeks.

76. The Named Plaintiffs and the FLSA Overtime Collective Members were not fully and properly paid all overtime wages earned during the last three years because Defendant took daily automatic deductions from their wages for breaks of twenty minutes or less.

77. Defendant violated the FLSA with respect to Named Plaintiffs and the FLSA Overtime Collective by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as described herein.

78. The Named Plaintiffs and the FLSA Overtime Collective Members were not exempt from receiving FLSA overtime benefits.

79. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Overtime Collective Members are entitled.

80. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiffs and the FLSA Overtime Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

81. As a direct and proximate result of Defendant's conduct, the Named Plaintiffs and the FLSA Overtime Collective Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Overtime Collective Members.

**THIRD CAUSE OF ACTION:**
**R.C. 4111.03 – Rule 23 Class Action for Unpaid Overtime**

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. This claim is brought under the Ohio Wage Act.

84. The Named Plaintiffs and the Ohio Rule 23 Overtime Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

85. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

86. The Named Plaintiffs and the Ohio Rule 23 Overtime Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid the required overtime wages for all of such time spent working because Defendant took daily automatic deductions from their wages for breaks of twenty minutes or less.

87. The Named Plaintiffs and the Ohio Rule 23 Overtime class Members were not exempt from the wage protections of Ohio Law.

88. Defendant's repeated and knowing failures to pay overtime wages to the Named Plaintiffs and the Ohio Rule 23 Overtime Class Members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Ohio Rule 23 Overtime Class Members were entitled.

89. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiffs and the Ohio Rule 23 Overtime Class Members have suffered and continue to suffer damages, the Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Rule 23 Overtime Class Members.

**FOURTH CAUSE OF ACTION:**
**R.C. 4113.15 – Rule 23 Class Action for OPPA Violation**

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. The Named Plaintiffs and the Ohio Rule 23 Class Members were employed by Defendant.

92. During all relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

93. The OPPA requires Defendant to pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

94. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. See O.R.C. § 4113.15(B).

95. The Named Plaintiffs and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

96. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

14

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Overtime Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Awarding to Named Plaintiffs, the FLSA Overtime Collective Members, unpaid overtime to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiffs and the Ohio Rule 23 Class unpaid overtime to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

F. Awarding to Named Plaintiffs and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

G. Awarding Named Plaintiffs, the FLSA Overtime Collective Members, and the Ohio Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiffs, the FLSA Overtime Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and the Ohio Wage Act;

J. Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

          Respectfully submitted,

          /s/ Angela J. Gibson
          Angela J. Gibson (0080928)
          Bradley L. Gibson (0085196)
          **GIBSON LAW, LLC**
          9200 Montgomery, Rd., Suite 11A
          Cincinnati, OH 45242
          E-mail: angela@gibsonemploymentlaw.com
          E-mail: brad@gibsonemploymentlaw.com
          Phone: (513) 834-8254
          Fax: (513) 834-8253

## **JURY DEMAND**

      Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

          /s/ Angela J. Gibson
          Angela J. Gibson (0080928)